Syllabus.

## ROBERT T. SPICER vs. MIRANDA H. DASHIELLS.

**1. TRESPASS—POSSESSION—EVIDENCE.**

The action of *quare clausum fregit* is one for injury to the possession, and plaintiff to support his action must show by a preponderance of the evidence that at the time of the alleged trespass he had actual possession.

**2. TRESPASS—PROOF OF POSSESSION.**

In an action for trespass, actual possession may be proved by the exercise of acts of ownership.

**3. TRESPASS—PROOF OF TITLE.**

In an action for trespass, the legal title to the premises may be shown either by a chain of paper title; that is, by deeds, plats, records, etc., or by an adverse possession.

**4. ADVERSE POSSESSION—ESSENTIAL ELEMENTS.**

To acquire title by adverse possession, the possession must be exclusive, adverse to the rights of all others, and continued for at least twenty years.

**5. TRESPASS—SUFFICIENCY OF POSSESSION TO SUPPORT ACTION.**

A plaintiff, proving that he was in possession of land when a trespass was committed, is entitled to damages for the trespass, without further proof of title, unless defendant proves a better title or a possession in common with plaintiff.

**6. TRESPASS—POSSESSION—COMMON POSSESSION BY BOTH PARTIES.**

Where, in an action for trespass, a common possession by both parties is shown, the parties are both put upon their proof of title, and the law adjudges the rightful possession to him who has the legal title, regardless of the length of time of the other's holding.

**7. TRESPASS—PROOF OF POSSESSION.**

The acts of ownership which will show an actual possession sufficient to support an action of trespass depend somewhat upon the character of the land, as the acts required with respect to woodland might not be the same as those required in respect to tillable land.

**8. TRESPASS—QUESTIONS FOR JURY—DOCUMENTARY EVIDENCE.**

In an action for trespass, a survey of land made in pursuance of an order of the Orphans' Court, or partition proceedings in the Court of Chancery, when admitted in evidence, are to be considered by the jury in connection with the other evidence, as other records are, and given such weight and effect as they think they are entitled to.

**9. TRESPASS—BURDEN OF PROOF.**

In an action for trespass, defendant was entitled to a verdict in his favor if the jury were not satisfied that plaintiff was in possession at the time of the trespass, or that he did not have legal title thereto, or if they believed that defendant was in actual possession, or had the legal title.

**10. TRESPASS—CUTTING TIMBER—MEASURE OF DAMAGES.**

The successful plaintiff in an action for trespass for cutting timber is entitled to what the timber was actually worth, when standing and before it was cut.

11. TRESPASS—DAMAGES—PROOF.

Actual damages for a trespass must be specifically proved, and cannot be speculative or conjectural.

12. EVIDENCE—WEIGHT OF EVIDENCE.

The jury should render their verdict for that party in whose favor is the preponderance or greater weight of the evidence.

*(April 27, 1915.)*

Judges RICE and HEISEL sitting.

*John M. Richardson* for plaintiff.

*Robert C. White* and *James M. Tunnell* for defendant.

Superior Court, Sussex County, April Term, 1915.

ACTION OF TRESPASS QUARE CLAUSUM FREGIT (No. 6, April Term, 1911), brought by Robert T. Spicer against Miranda H. Dashiells to recover damages for alleged cutting and carrying away trees growing on plaintiff's close. Verdict for plaintiff.

HEISEL, J., charging the jury:

Gentlemen of the jury:—This is an action known in the law as *quare clausum fregit*, in which the plaintiff charges the defendant with breaking and entering his close or land, and cutting and carrying away the trees growing thereon.

The plaintiff claims that the defendant by herself, her agents, or servants, entered upon his land, situate in Broad Creek Hundred, this county, and cut and carried away timber trees growing thereon, of the value of one thousand dollars, for the recovery of which he has brought this suit.

[1] This action is for injury to the possession; therefore, to support his action the plaintiff must show to the satisfaction of the jury, by a preponderance of the evidence, that at the time the alleged trespass was committed, he had actual possession of the land.

The plaintiff claims to have shown that he had, at the time of the alleged trespass, such possession, and he also claims that he has shown by a preponderance of the evidence a legal title to the land in dispute either by paper title, or by adverse possession.

Charge.

[2, 3]   Actual possession may be proved by the exercise of acts of ownership, and a legal title to the premises may be shown either by a chain of paper title, that is, by deeds, plots, records, etc., or by an adverse possession.

[4]   In order to acquire title by adverse possession, the possession must be exclusive, adverse to the rights of all others, and continued for at least twenty years.

The defendant denies the plaintiff's claims, and claims that she has a legal paper title to the land in dispute.

[5, 6]   In *Bartholomew v. Edwards*, 1 *Houst.* 22, the court said:

"If   *   *   *   the plaintiff had proved that he was at the time in possession of the" land where the trespass was committed, "he would be entitled to recover damages for the trespass without further proof of title, unless the defendant had proved a better title to the premises, or a possession in common with the plaintiff.   *   *   *   In the latter case (that is, in case of a mixed possession, or a common possession of both parties) the parties were both put upon their proof of title, and that party must prevail who had proved the legal title to be in him.   In a case of common possession of land by both parties to the suit, the law adjudges the rightful possession to him who had the legal title, and no length of time of such holding could give a title by possession as against such legal title; but an independent, separate, and adverse holding, under an exclusive claim, continuously asserted and maintained for twenty years, was itself a good title."

[7]   As we have already said, to sustain the action of trespass to real property, there must be an actual possession.   A constructive possession is not sufficient.   But an actual possession may be shown by acts of ownership, and what are acts of ownership, within the meaning of the law, depends somewhat upon the facts of the particular case.   The particular acts of ownership required to establish actual possession in one case would not be required in another.   For example those required with respect to woodland might not be the same as those required in respect to tillable land.   There must be acts of ownership exercised by the plaintiff to prove actual possession and enable him to maintain his action, but the character of such acts will depend somewhat upon the character of the land upon which the alleged trespass was committed, the purpose for which the land was used or kept, and the conditions existing, at the time of the alleged trespass.   Bearing in mind these things, it is for the jury to say whether

or not the plaintiff was in actual possession of the land in dispute at the time of the alleged trespass; that is, whether he had exercised such acts of ownership as are sufficient to satisfy you that he was in possession or that he had legal title to the land in dispute.

It is not denied that the trees growing on the land in question were cut and carried away by the agents or servants of the defendant, by her direction; therefore if you should find the land was in the possession of the plaintiff at the time of the alleged trespass, or that plaintiff had legal title thereto, she would be guilty of the trespass charged.

[8]   A survey of land made in pursuance of an order of the Orphans' Court, or partition proceedings in the Court of Chancery, when admitted in evidence, are to be considered by you in connection with the other evidence in the case, as other records are, and given such weight and effect as you think they are entitled to.

So we say to you, gentlemen, should you be satisfied by a preponderance of the evidence, that at the time of the alleged trespass, the plaintiff was in possession of the land in question, your verdict should be for the plaintiff, unless you are also satisfied from the evidence that the defendant has established her right by a good and legal paper title.

[9]   If you are not satisfied that the plaintiff was in possession of the land at the time of the alleged trespass, or that he did not have a legal title thereto, your verdict should be for the defendant.   And your verdict should be for the defendant, if you believe from the evidence that at the time of the alleged trespass she was in the actual possession of the land or had the legal title thereto.

[10, 11]   If you should find in favor of the plaintiff, your verdict should be for such sum as you believe from the testimony the timber cut from the land was actually worth when standing and before it was cut.   Actual damages cannot be speculative or conjectural, but must be specifically proved.

If you should find in favor of the defendant, your verdict should be not guilty.

Verdict.

[12] We say to you, as requested by the defendant, that the jury should render their verdict for that party in whose favor is the preponderance or greater weight of the evidence.

In conclusion, we say, the case is now in your hands for determination under the evidence and the law. Upon all the evidence, applying thereto the law, you are to determine whether the verdict shall be for the plaintiff or the defendant.

Verdict for plaintiff.